Jordan T. Porter
(CA Bar No. 250112)
jordan@nshmlaw.com
**NYE, STIRLING, HALE,**
**MILLER & SWEET, LLP**
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345

*Attorneys for Plaintiff Frank Facio and the Proposed Class*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FACIO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMARTE CARTE, INC.<br><br>Defendants. | CASE NO.: '23CV2294 H   MMP<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.)<br><br>2. Violation of California's Unruh Civil Rights Act (Cal. Civ. Code § 51.) |

Plaintiff Frank Facio (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on his personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff Frank Facio is a visually impaired individual who relies upon auxiliary aids and services such as screen reading software, accessible electronic and information technologies, and other effective methods of making visually delivered materials available to persons who are blind or have low vision. Defendant Smarte

1
CLASS ACTION COMPLAINT

Carte, Inc. ("Smarte Carte" or "Defendant") discriminated against Plaintiff by refusing and failing to provide auxiliary aids and services to Plaintiff, and by requiring Plaintiff to rely upon other means of communication that are inadequate to provide equal opportunity to participate in and benefit from Smarte Carte's self-service luggage cart management units and certain massage chairs ("Self-Service Units"), free from discrimination. The Self-Service Units allow customers to pay for and rent the luggage cart equipment independently, without the assistance of an employee or third party.

2. Plaintiff brings this action individually and on behalf of all others similarly situated to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure Plaintiff effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's goods and/or services. Plaintiff seeks declaratory, injunctive, and equitable relief and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations. Additionally, Plaintiff brings this action individually and on behalf of all other similarly situated California residents and seeks declaratory, injunctive, and equitable relief and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of California's Unruh Civil Rights Act, California Civil Code § 51 *et seq.* ("Unruh Act"), and for statutory damages, in accordance with California Civil Code § 52(a).

3. Plaintiff has visited Defendant's Self-Service Units and was denied full and equal access as a result of Defendant's inaccessible Self-Service Units.

4. Defendant's Self-Service Units do not contain the necessary technology that would enable a person with a visual impairment to process a transaction independently and without the assistance of others in the same manner afforded to those without visual impairments. All Smarte Carte Self-Service Units include a

2

machine for processing rental transactions that is inaccessible to the legally blind.

5. By failing to make its touchscreen kiosks accessible to visually impaired persons, Defendant, a public accommodation subject to Title III of the ADA and the Unruh Act, deprives blind and visually impaired individuals the full benefits of Defendant's Self-Service Units—all benefits it affords nondisabled individuals—thereby increasing the sense of isolation and stigma among these Americans that Title III of the ADA and the Unruh Act were meant to redress.

6. Defendant has demonstrated through its interactions with Plaintiff that it has adopted a policy and/or pattern and practice of refusing to provide accessible Self-Service Units for its visually impaired customers.

7. The ADA and the Unruh Act expressly contemplate injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action. In relevant part, the ADA states:

> Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods . . . .

42 U.S.C. § 12188(a)(2); Cal. Civ. Code, § 52(c)(1).

8. Consistent with 42 U.S.C. § 12188(a)(2) and the Unruh Act, Plaintiff seeks a permanent injunction requiring that:

    a. Defendant take all steps necessary to bring its touchscreen kiosks into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Self-Service Units are fully accessible to and independently usable by individuals with visual disabilities, through the implementation of necessary technology that would enable persons with a visual impairment to process a transaction in a manner that ensures the same degree of personal privacy afforded to those without visual impairments and to use the Self-Service Units without the assistance of others in the same manner afforded to those

without visual impairments;

b. Defendant modify its existing policies and practices so that the accessibility barriers at Defendant's Self-Service Units do not reoccur; and

c. Plaintiff's representatives shall monitor Defendant's Self-Service Units to ensure that the injunctive relief ordered pursuant to Paragraph 8.a. and 8.b. has been implemented and will remain in place.

9. Plaintiff's claims for permanent injunctive relief are asserted as a nationwide class claim pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his or her own benefit and the benefit of a class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . .. Illustrative are various actions in the civil rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

Fed. R. Civ. P. 23(b)(2).

10. In addition, Plaintiff's claims for statutory damages pursuant to California Civil Code section 52(a) are asserted as a California statewide class claim pursuant to Fed. R. Civ. P. 23(b)(3).

## PARTIES

11. Plaintiff Frank Facio is, and at all times relevant hereto has been, a resident of San Diego, California. As described above, Plaintiff is legally blind. Plaintiff has been blind since he was seventeen years old. Like many other legally blind individuals, Plaintiff relies upon auxiliary aids and services such as screen

reading software, accessible electronic and information technologies and/or other effective methods of communication to be as independent as possible.

12. Plaintiff is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq.*, and the Unruh Act, Cal. Civ. Code, § 51 *et seq.*

13. Defendant Smarte Carte, Inc. is a corporation with its principal place of business in Minnesota. Smarte Carte operates Self-Service Units such as luggage rental cart stations and massage chairs at airports throughout the United States.

14. Defendant's Self-Service Units are places of public accommodation as defined in 42 U.S.C. §12181(7)(E). Thus, Defendant is subject to the requirements of the ADA and the Unruh Act.

## FACTUAL BACKGROUND
### Plaintiff Has Been Denied Full and Equal Access to Defendant's Self-Service Units

15. Plaintiff recently visited the Smarte Carte unit at San Diego International Airport and attempted to use the Self-Service Unit to rent a luggage cart. Because of its inaccessible features, Plaintiff was unable to operate the Self-Service Unit and rent the luggage cart. Plaintiff was unable to find any employee to help him access the Self-Service Unit.

16. As a result of Defendant's failure to ensure effective communication with Plaintiff, and denial of auxiliary aid and services, he received services that were objectively substandard, inaccessible, and inferior to those provided to sighted customers, and did not receive the benefit at all of renting the luggage cart from Smarte Carte; he was thus subjected to discriminatory treatment because of his disability.

17. Despite this difficulty, frustration, and unequal treatment, Plaintiff will seek Smarte Carte's rental services in the future, whether by choice or necessity, due to the convenience of Defendant's Self-Service Units at the San Diego airport and his

travel needs. Plaintiff plans to return to Defendant's Self-Service Unit at the San Diego airport but is deterred from doing so due to the discrimination he has faced and expects to face in the future. Furthermore, Plaintiff intends to return to Defendant's physical location of the Self-Service Units to ascertain whether those Self-Service Units remain in violation of accessibility standards.

### Defendant Repeatedly Denies Individuals With Disabilities
### Full and Equal Access to Defendants' Goods and/or Services

18. As the owner and manager of its Self-Service Units, Defendant employs centralized policies, practices, and procedures with regard to its company-wide policy of accessibility of the Self-Service Units.

19. Though Defendant may have centralized policies regarding the maintenance and operation of its Self-Service Units, Defendant has not implemented a plan or policy that adequately makes its Self-Service Units fully accessible to and independently usable by legally blind individuals.

20. As a result of Defendant's non-compliance with the ADA and the Unruh Act, Plaintiff has been denied the benefit of full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations, has been denied participation in and has been treated unequally by the Defendant, and Defendant has failed to provide effective and accessible auxiliary aids or services that protect Plaintiff's privacy and independence.

21. If Defendant's Self-Service Units were accessible, i.e., if Defendant removed and remediated the access barriers described above, Plaintiff could independently and privately utilize Defendant's goods and services.

### JURISDICTION AND VENUE

22. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188. This Court has supplemental jurisdiction over state law claims

pursuant to 28 U.S.C. § 1367.

23. Plaintiff's claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district.

24. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2). Defendant is subject to personal jurisdiction in this District because Defendant does substantial business in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Defendant engaged in the extensive promotion, marketing, distribution, and sales of the services at issue in this District.

## CLASS ALLEGATIONS

25. Plaintiff brings this matter on behalf of himself and those similarly situated.

26. The Class is defined as:

All persons with visual disabilities, who were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any of Defendant's Self-Service Units in any United States airport as of the date of this Complaint on the basis of disability due to Defendant's failure to comply with the ADA's auxiliary aids and services requirements during the Class Period (the "Nationwide Injunctive Class").

Plaintiff reserves the right to amend or modify the Class definition in connection with a Motion for Class Certification and/or the result of discovery.

27. Plaintiff also seeks certification of the following California sub-class:

All legally blind individuals who visited a Smarte Carte Self-Service Unit in any California airport as of the date of this Complaint and were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations due to Smarte Carte's use of Self-Service Units.

Plaintiff reserves the right to amend or modify the sub-Class definition in connection with a Motion for Class Certification and/or the result of discovery.

28. The California sub-class seeks class-wide damages pursuant to California Civil Code § 52(a) in the amount of $4,000 per violation based on Defendant's wrongful policy and practice of failing to provide full and equal access to visually impaired Californians as alleged herein.

29. This action should be certified as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2) for the Nationwide Injunctive Class. It satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

   A. <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are tens of thousands of visually impaired individuals who are Class Members who have been harmed and suffered discrimination due to Defendant's failure to comply with the ADA's auxiliary aids and services requirements.

   B. <u>Commonality</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are denied their civil rights to full and equal access to and use and enjoyment of Defendant's goods and/or services due to Defendant's failure to make its Self-Service Units fully accessible and independently usable as described above.

   C. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the proposed Nationwide Injunctive Class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

   D. <u>Adequacy</u>: The Plaintiff is an adequate Class representative. None of his interests conflict with the interests of the Class Members he seeks to represent; Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class—all of whom are similarly situated individuals with visual impairments, and have a strong interest in vindicating

their own and others civil rights—and he has retained counsel that is competent and experienced in complex class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA and Unruh Act.

30. Class certification of the Nationwide Injunctive Class is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted on or refused to act on grounds generally applicable to the Class, making appropriate declaratory, injunctive, and equitable relief with respect to Plaintiff and the Class as a whole.

31. This action should be further certified as a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) for the California Unruh Damages Sub-Class. Plaintiff asserts the subclass, limited to class members who are, or during the relevant time were, residents of California, satisfies the class action prerequisites of numerosity, commonality, typicality, and adequacy for the same reasons set forth in the preceding paragraph. In addition:

   A.   Predominance: Pursuant to Rule 23(b)(3), the common issues of law and fact identified above predominate over any other questions affecting only individual members of the California Unruh Damages Sub-Class. The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's encounters with visually impaired California residents with respect to its Self-Service Units.

   B.   Superiority: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

      i.   The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

      ii.  The individual claims of the Class Members are relatively modest compared with the expense of litigating the claims, thereby

making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

iii. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

iv. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

v. Plaintiff knows of no difficulties to be encountered in the management of this action that would preclude its maintenance as a class action;

vi. A class action will assure uniformity of decisions among Class Members;

vii. The Class is readily identifiable from Defendant's own records and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and,

viii. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action.

32. Accordingly, this case should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE ADA, TITLE III
### [42 U.S.C. §§ 12101 *et seq.*]

33. Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

34. At all times relevant to this action, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181, *et seq.* was in full force and effect and applied to Defendant's conduct.

35. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendant's conduct.

36. At all times relevant to this action, Plaintiff has been substantially limited in the major life activity of seeing. Accordingly, he is considered an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

37. Defendant owns, leases, and/or operates Self-Service Units to rent luggage carts and/or operate massage chairs that are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(E).

38. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." 42 U.S.C. § 12182(a).

39. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

40. Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

41. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

42. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation, in choosing the type of auxiliary aid or service to ensure effective communication, must consider the "method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii).

43. Pursuant to Title III of the ADA and its implementing regulations, in order to be effective, the type of auxiliary aid or service provided by the public accommodations "must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii). To this end, the Ninth Circuit has explained, "assistive technology is not frozen in time: as technology advances, [ ] accommodations should advance as well." *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1163 (9th Cir. 2011).

44. Auxiliary aids and services include, but are not limited to, audio recordings, screen reader software, magnification software, optical readers, secondary auditory programs, large print materials, accessible electronic and information technology, other effective methods of making visually delivered materials available to individuals who are blind or have low vision, and other similar services and actions. 28 C.F.R. §§ 36.303(b)(2), (4).

45. Defendant discriminated against Plaintiff on the basis of his disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its place of public accommodation, and equal opportunity to participate in and benefit from Defendant's luggage cart rental services, in violation of the ADA.

46. Defendant further discriminated against Plaintiff by failing to ensure effective communication through the specific provision of accessible and effective auxiliary aids and services.

47. Defendant has violated Title III by, without limitation, failing to take the steps necessary to make its Self-Service Units readily accessible and usable by persons with visual impairments, thereby denying individuals with visual disabilities the benefits of the Self-Service Units and luggage cart rental, providing Plaintiff with benefits that are not equal to those it provides sighted individuals, and denying him effective communication.

48. Defendant has further violated Title III by, without limitation, utilizing administrative methods, practices, and policies that allow its Self-Service Units to be made available without consideration of consumers who can only participate in and benefit from Defendant's luggage cart rental services with screen reader programs.

49. Making its Self-Service Units readily accessible and usable by persons with visual impairments does not change the content of Defendant's Self-Service Units or result in making the service different, but rather enables individuals with visual disabilities to access Self-Service Units that Defendant already provides.

50. As set out above, absent injunctive relief, there is a clear risk that Defendant's actions will recur with Plaintiff and/or additional visually impaired persons.

51. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

[Cal. Civil Code § 51 *et seq.*]

52. Plaintiff restates each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if more fully set forth

herein.

53. The Unruh Civil Rights Act, California Civil Code section 51 provides that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b).

54. Defendant is a business establishment within the meaning of the Unruh Act. Defendant is the owner and operator of business establishments.

55. Defendant violated the Unruh Act by its acts and omissions, as set forth herein. Specifically, Smarte Carte's system for offering to the public self-service touchscreen rental kiosks at locations throughout California is a business establishment within the meaning of Civil Code § 51, *et seq*. Smarte Carte generates revenue from the rental of its luggage carts which customers rent through the use of the self-service touchscreen kiosks. The kiosks are an accommodation, advantage, facility, privilege, and service provided by Smarte Carte, which are inaccessible to blind patrons. This inaccessibility denies blind patrons full and equal access to the accommodations, advantages, facilities, privileges, and services that Defendant makes available to the non-disabled public, in violation of the Unruh Civil Rights Act, California Civil Code § 51, et seq. These violations are ongoing.

56. Defendant's actions constitute intentional discrimination against the class on the basis of a disability in violation of California Civil Code §§51, et seq.

57. Defendant is additionally violating California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*., as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

58. The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and therefore Plaintiff is entitled to injunctive relief remedying the discrimination. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the class will continue to suffer irreparable harm.

59. Plaintiff and the California class are further entitled to statutory minimum damages pursuant to California Civil Code § 52 for every individual violation; i.e., each time a legally blind individual attempted to rent a luggage cart using the inaccessible touchscreen kiosk.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Self-Service Units were fully accessible to individuals with visual disabilities;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), and California Civil Code, § 51 *et seq.,* which directs Defendant to take all steps necessary to bring its Self-Service Units into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its Self-Service Units are fully accessible to, and independently usable by individuals with visual disabilities, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause it to remain fully in compliance with the law—the specific injunctive relief requested by Plaintiff is described more fully in paragraph 8, *supra*.

c. A permanent injunction enjoining Defendant from continuing its

discriminatory conduct;

  d. An Order certifying the classes proposed by Plaintiff, naming Plaintiff as class representative, and appointing his counsel as class counsel;

  e. Payment of statutory damages, in accordance with California Civil Code §§ 52(a) and 54.3 to the California sub-class;

  f. Payment of costs of suit;

  g. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505, Cal. Civil Code §52, and Civ. Proc. Code § 1021.5, including costs of monitoring Defendant's compliance with the judgment (*see Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, Case No. 2:16-cv-01898-AJS (W.D. Pa. Jan. 11, 2018) (ECF 191) ("Plaintiffs, as the prevailing party, may file a fee petition before the Court surrenders jurisdiction. Pursuant to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986), *supplemented*, 483 U.S. 711 (1987), the fee petition may include costs to monitor Defendant's compliance with the permanent injunction."); *see also Access Now, Inc. v. Lax World, LLC*, No. 1:17-cv-10976-DJC (D. Mass. Apr. 17, 2018) (ECF 11) (same);

  h. Award of prejudgment interest pursuant to California Civil Code §3291;

  i. An Order retaining jurisdiction over this case until Defendant has complied with the Court's Orders; and,

  j. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: December 15, 2023    Respectfully Submitted,

*/s/ Jordan T. Porter*
Jordan T. Porter (CA Bar No. 250112)
jordan@nshmlaw.com
**NYE, STIRLING, HALE, MILLER & SWEET, LLP**
33 West Mission Street, Suite 201
Santa Barbara, CA 93101
Telephone: (805) 963-2345

*Attorneys for Plaintiff Frank Facio and the Proposed Class*