UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK FACIO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SMARTE CARTE, INC.,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:23-cv-02294-H-MMP<br><br>**CONSENT DECREE; ORDER**<br><br>[Doc. No. 3.] |

On December 15, 2023, Plaintiff Frank Facio, individually and on behalf of all others similarly situated, filed a complaint against Defendant Smarte Carte, Inc. (Doc. No. 1.) On February 14, 2024, Plaintiff Frank Facio, as an individual, and Defendant Smarte Carte, Inc. filed a joint motion to approve a proposed consent decree. (Doc. No. 3.) The Court has carefully reviewed the proposed consent decree and, good cause appearing, the Court concludes the proposed consent decree is fair and adequate. The Court therefore approves the following Consent Decree and retains jurisdiction as long as the Consent Decree remains effective.

/ / /

/ / /

/ / /

# CONSENT DECREE

This Consent Decree is entered into as of the Effective Date, as defined below in Section V, by and between the following parties: Plaintiff Frank Facio ("Plaintiff" or "Facio") and Defendant Smarte Carte, Inc. ("Smarte Carte" or "Defendant"). Plaintiff and Defendant are sometimes referred to individually as a "Party" or collectively as the "Parties."

## I. INTRODUCTION

Plaintiff and Defendant hereby stipulate and agree to entry of this Consent Decree to resolve Facio's Complaint alleging Defendant failed to make its certain luggage cart rental machines and massage chairs located in in airports nationwide (the "Machines") accessible to legally blind individuals, which he contends violates the equal access requirements of the Unruh Civil Rights Act ("Unruh Act" or "UCRA") and the Americans with Disabilities Act ("ADA"). Defendant disputes the alleged facts pled by Plaintiff in the Complaint for this action, and it has denied and continues to deny that it has any liability to Plaintiff or any third party for any such claims asserted.

## II. PURPOSE AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Parties have agreed that this action should be finally settled by entry of this Consent Decree ("Decree"). This Decree shall be binding on and enforceable against Plaintiff and Defendant and its successors and assigns. Nothing in this Decree shall be deemed or can be used as an admission by Defendant that any unlawful practices in fact occurred or that its Machines are inaccessible in violation of the Unruh Act, California Civil Code, Section 51 *et seq.*, the ADA, 42 U.S.C. Section 12181 *et seq.*, or any other applicable laws or is not fully accessible.

The Parties have entered into this Decree for the following purposes:

A. To provide appropriate injunctive relief requiring Defendant to:

1. Install certain accessibility guides on Machines located in the United States public airports in which Defendant operated on December 1, 2023 (the "Airports"), including a Braille sign and QR Code.

   2. Maintain accessibility guides installed on the Machines, including QR codes and the responding website, to provide adequate information on the operation of the Machines including information for obtaining assistance and providing feedback to Smarte Carte.

 B. To avoid the time, expense, and uncertainty of further litigation.

## III. RELEASE OF CLAIMS

 A. The Parties agree that this Decree, together with the Confidential Settlement Agreement and Release of Claims, completely and finally resolve all claims made in the action in the United States District Court, Southern District of California, Case No. 3:23-cv-02294-H-MMP (hereafter "Action"). Upon entry of this Decree, Plaintiff, on his own behalf, and on behalf of his grantees, agents, representatives, heirs, devisees, trustees, assigns, assignors, attorneys, or any other entities in which the Parties have an interest (collectively, the "Releasing Parties"), hereby agrees to release and forever discharge Defendant and its past and present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, landlords, parents, divisions, subsidiaries, affiliates, assigns, independent contractors, successors, heirs, predecessors in interest, joint ventures, and commonly controlled corporations (collectively, the "Released Parties") from all present and past liabilities, causes of action, charges, complaints, suits, claims, obligations, costs, losses, damages, rights, judgments, attorneys' fees, expenses, bonds, bills, penalties, fines, and all other legal responsibilities of any form whatsoever, whether known or unknown, whether suspected or unsuspected, whether fixed or contingent, including those arising under any theory of law, whether common, constitutional, statutory, or other of any jurisdiction, foreign or domestic, whether in law or in equity, which the Releasing Parties had or may claim to have against any of them arising out of or relating to (i) the Machines which are the subject matter of this Decree, and/or the Action; (ii) any acts or omissions by the Released Parties occurring, or conditions existing, prior to the Effective Date related to the Machines; and (iii) any costs, attorneys' fees, expert fees, consultant fees, or any expenses

incurred by the Releasing Parties in connection with the subject matter hereof (collectively, the "Released Claims"). The Releasing Parties hereby acknowledge and agree that, except as expressly set forth in this Agreement, the Released Parties have no other liabilities or obligations, of any kind or nature, owed to the Releasing Parties, in connection with or relating to the Released Claims.

### IV. JURISDICTION

A. This Court has jurisdiction over this action and under 28 U.S.C 1331. The Parties agree venue is appropriate. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable, and just.

C. This Decree conforms to the Federal Rules of Civil Procedure and does not derogate the rights or privileges of any person.

D. Entry of this Decree will further the objectives of the Unruh Act and the ADA and will be in the best interest of the Parties.

E. The Parties request the Court retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to fully implement the relief provided herein.

### V. EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately on the date which this Decree is entered by the Court ("Effective Date").

B. This Decree shall remain in effect for three years after the Effective Date. In the event Defendant does not substantially comply with the terms of this Decree, the Court may order any extension of this Decree necessary to effectuate the Decree's purposes.

### VI. COMPLIANCE AND DISPUTE RESOLUTION

A. If Facio, his counsel or any affected members of the general public with standing has reason to believe that Defendant has in any way failed to comply with any provision of this Decree, they may bring a motion before this Court to enforce the Decree. Before filing such a motion, however, Facio, his counsel or any member of the general

public with standing shall notify Defendant in writing of the nature of the dispute and any reasonable particulars, including the specific Machine or provision of this Decree at issue. Defendant shall have **thirty (30) calendar** days from the date of receipt of the notice ("Dispute Resolution Period") to attempt to resolve the issues.  Counsel shall be notified at the addresses set forth in the signatures below.

      B.     The Parties agree to cooperate with each other in good faith and use their best efforts to resolve any dispute.  The Parties agree, if necessary, to submit disputes to a mutually agreeable mediator.

      C.     If no resolution to a dispute is reached within **ninety (90) days** following the first notice provided to Smarte Carte as described in Section VI(A) above, the complaining party may seek court enforcement with the terms of this Decree.

## VII. NOTICE

Notice shall be given in writing by overnight delivery with a copy via email to the parties as follows:

**Plaintiff**:
Benjamin J. Sweet
Nye, Stirling, Hale, Miller, and Sweet LLP
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243
Email: ben@nshmlaw.com

**Defendant**:
Attn: Greg Schultz, Chief Legal Officer
Smarte Carte, Inc.
4455 White Bear Pkwy
St. Paul, MN 55110
Email: schultzg@smartecarte.com

Nisha Verma
Dorsey & Whitney, LLP
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Email verma.nisha@dorsey.com

### VIII. MODIFICATION AND SEVERABILITY

A.  This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.  If a Party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

B.  If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes.  If the Parties are unable to reach an agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree.  Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

### IX. CONFIDENTIAL SETTLEMENT AGREEMENT

Plaintiff and Defendant have agreed that the amount of the settlement remain confidential and that the Parties have entered into a Confidential Settlement Agreement to address the monetary portion of Plaintiff's claims.  The Confidential Settlement Agreement shall be provided to the Court for *in camera* review, if requested.  In addition, if requested, Defendant will bear the expense of filing the Confidential Settlement Agreement under seal with the Consent Decree.

### X. GENERAL INJUNCTIVE RELIEF

A.  <u>Modification of the Machines</u>

1.  No later than **March 1, 2025**, install on all Machines located in the Airports a Braille sign, which directs visually impaired users to a QR Code as outlined by Section X(A)(2) below.  The content of the Braille sign shall be mutually agreed to by the Parties.

2.  Install on all Machines located in the Airports a QR code, which shall link to a website that will provide an overview as to how to use the

Machine, and, for each of the Airports, direct the user to the applicable page of the airport website describing the accessibility services available at that airport.  The Parties agree that Smarte Carte will not have the ability to control the content of the linked Airport websites. The website shall additionally contain the phone number where Smarte Carte personnel can be reached during Smarte Carte's typical operating hours, and advise users that they can contact their airline for assistance, as well.  The website linked shall also provide a feedback form so that visitors to the Machine can comment on how the accessibility of the Machine can be improved or seek assistance as well as an email address where users can contact representatives and offer feedback or seek assistance.  Facio shall have the opportunity to review and comment on the content and accessibility features of the website prior to the time the website is launched.  Facio understands that in the event Smarte Carte no longer operates Machines in a given airport, Smarte Carte shall have no ability to continue maintaining the above-described measures with respect to that Airport, and Smarte Carte shall not be considered to have obligations under this Agreement with respect to any Airport in which it no longer operates.

3. Smarte Carte shall notify Facio through his undersigned Counsel that the required actions described above have been completed on or before **March 10, 2025.**

B. Supervision

1. Facio and/or his counsel or any retained expert shall be permitted to perform inspections of any Machines **twelve (12) months** after the Effective Date of this Decree.  Facio and/or his counsel or any retained experts shall first seek approval for the date and time of the inspection of any Smarte Carte Machine.  Requests shall be made through the

undersigned Counsel. Smarte Carte shall not unreasonably deny access to, or inspections of its Machines as requested.

2. Smarte Carte, in addition to permitting inspections of its Machines, shall provide photo and video evidence of the modifications made to the Machines, as described in Subsection A above, to Facio through his undersigned Counsel no later than **March 1, 2025.**

3. Smarte Carte shall annually thereafter for three years after the Effective Date, certify in writing to Facio's undersigned Counsel and this Court, that routine maintenance has been conducted on the Machines in accordance with Section (X)(A) above, and that the efforts taken remain in reasonably good working order.

C. <u>Dismissal</u>

Plaintiff and their counsel agree to file a Joint Stipulation of Dismissal with Prejudice of the Action, with all Parties bearing their own costs and expenses, within **fifteen (15) days** of receipt of this Court's order entering this Decree. The Parties request as a condition of dismissal that this Court retain jurisdiction to enforce the terms of the Settlement Agreement and this Decree.

## XI. RECORD-KEEPING

A. The website described in Section X(A)(2) above shall include a feedback form so that visitors to the Machine can comment on how the accessibility of the Machine can be improved or seek assistance as well as an email address where users can contact representatives and offer feedback or seek assistance. Defendant shall keep a record of all such feedback provided.

## XII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

A. Defendant shall bear all costs associated with its administration and implementation of its obligations under this Decree. However, the Parties agree

respectively to bear their own expenses, costs, and attorneys' fees relating to the filing and/or modification of the Decree.

## XIII. COSTS AND ATTORNEYS' FEES

A. Each Party shall bear its own costs of suit and attorneys' fees, including the costs of filing the Complaint or this Decree.

## XIV. MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the Plaintiff of same.

B. The Parties agree that this consent Decree shall operate as a final judgment and be a complete bar to any further actions against it alleging the same violations through the end date as specified in Section V(B), subject to final approval by the Court.

## XV. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof. All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

DATED: 1/30/2024, 2024        By: /s/ Frank Facio
                                  Frank Facio, Plaintiff

DATED: 1/30/2024, 2024        NYE, STIRLING, HALE, MILLER, AND
                              SWEET LLP

                              By /s/ Benjamin J. Sweet
                                 Benjamin J. Sweet
                                 ben@nshmlaw.com
                                 1145 Bower Hill Road, Suite 104
                                 Pittsburgh, PA 15243
                                 Phone: (412) 857-5352
                                 *Attorney for Plaintiff*
                                 *Frank Facio*

DATED: January 29, 2024          By: *Greg Schultz* (DocuSigned)
                                      Smarte Carte, Inc.

                                 Its: CLO

DATED: January 29, 2024          DORSEY & WHITNEY LLP

                                 By *Nisha Verma*
                                    Nisha Verma
                                    Verma.nisha@dorsey.com
                                    Erica H. Chen
                                    chen.erica@dorsey.com
                                    600 Anton Blvd.
                                    Costa Mesa, CA 92618
                                    Phone: (714) 800-1455
                                    *Attorneys for Defendant*
                                    *Smarte Carte, Inc.*

## CONCLUSION

The Court finds that compliance with all provisions of the foregoing decree is fair and adequate. The Court hereby retains jurisdiction for the term of the foregoing Consent Decree, and the provisions thereof are hereby approved.

**IT IS SO ORDERED.**

DATED: February 20, 2024

*Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT